**Feng MA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72923.
Agency No. A76–279–690.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

___

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Feng Ma, a Chinese native and citizen, petitions for review of the final order of the Board of Immigration Appeals ("BIA") sustaining the government's appeal and vacating the immigration judge's ("IJ") order granting withholding of removal under Article 3 of the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence and the BIA's interpretation of purely legal questions de novo. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193–94 (9th Cir.2003). We grant the petition and remand.

Ma and approximately forty other Chinese nationals were brought by boat to Guam by alien smugglers, popularly known as "snakeheads." Ma and three other witnesses testified against the smugglers in a criminal trial in Guam, which resulted in the conviction of three alien smugglers. Ma believes that if he is returned to China, the smugglers will injure or kill him and the Chinese government will not protect him.

Ma presented evidence that his family in China had been threatened and beaten up by "underlings" connected with the smugglers and that another witness at the criminal trial in Guam was crippled by the smugglers when he was returned to China. Ma also testified that the Chinese government will not protect him from the smugglers because public officials are corrupt and often accept bribes from the smugglers. The country report submitted by the government corroborated Ma's testimony, noting that alien smuggling rings "often have ties to organized crime" and it has been "reported that traffickers frequently rely on the collusion or active involvement of officials."

The BIA concluded that there was no specific evidence that Ma would "face torture by or with the acquiescence of a public official in China." This court has since held that the BIA's interpretation of government "acquiescence" for purposes of CAT relief is too narrow. *See Zheng,* 332 F.3d at 1196 ("The BIA's interpretation and application of acquiescence impermissibly requires more than awareness and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

instead requires that a government be willfully accepting of a third party's tortu[r]ous activities."). We remand for the BIA to apply the standard for acquiescence set forth in *Zheng. See id.* at 1196–97.

PETITION GRANTED and REMANDED.